See further, as to the effect of the accused becoming a witness in his own behalf. People v. Courtney, 31 Hun, 199; 1 N. Y. Cr. 557; affirmed in 94 N. Y. 490; 1 N. Y. Cr. 573, without referring to this point; People v. Greenfield, 23 Hun, 471; People v. Crapo, 76 N. Y. 288; People v. Noelke, 29 Hun, 467; Pontius v. People, 82 N. Y. 339, 350.

FRANK W. MILLER, Respondent, v. THE UNION SWITCH AND SIGNAL COMPANY, Appellant.

*Court of Appeals, March 15, 1892.*

1. *Appeal. Defense.*—Where a defendant is permitted to insist upon a defense which the evidence discloses, it is unjust, upon appeal, to deprive him of such defense, by receding from the construction of the pleadings adopted and accepted upon the trial and giving them a contrary construction.
2. *Contract. Construction.*—The dismissal of the general manager from the employment of the company was held to be a mere breach of the contract and not a termination of the agreement as provided for in the seventh clause thereof.
3. *Pleadings. Construction.*—The defendant was held not to be precluded by the pleadings from insisting that the actual termination was not the one contemplated by the contract.

Appeal by the defendant from a judgment directed by the general term of the superior court of the city of New York upon a verdict directed by the trial court in favor of

the plaintiff, and upon exceptions ordered to be heard in the first instance at the general term.

The plaintiff, as assignee of Charles R. Johnson, brought the action to recover $1,625 alleged to have become due and payable to said Johnson under a written contract between him and the defendant, executed September 20, 1886, whereby it was agreed in substance (1) that Johnson should become the general manager of the defendant; (2) defendant to pay him a salary of $4,500 per year; (3) he should sell to the defendant the exclusive right to use all his inventions relating to the signal business, and also the right to use the inventions of Henry Johnson relating to signal switches, then or thereafter acquired by Charles R. Johnson, and (4) defendant to pay him $3,000 per year therefor; (5) employ Henry Johnson as manager of its works at $4,000 per year; (6) defendant also to pay Charles R. Johnson in addition to the above ten per cent net profits of the company.

The contract further provided as follows:

" Seventh. It is mutually agreed that this contract shall continue for a period of ten years, subject to termination by either party however, by one year's notice (in writing) to the other party at any time after the second year, or by the death of Charles R. Johnson, or by his permanent inability to perform his duties as general manager."

" Eighth. It is further mutually covenanted and agreed that in the event of the termination of this agreement, the said company, by reason of the expenditures that shall have been made during the continuance of this agreement, shall have a license, not exclusive, to use all the inventions that may have been used in carrying on the business of the company, on the payment of sixty-five hundred dollars per year, said sum to be paid quarterly; and shall be entitled to purchase from the said Charles R. Johnson, or his executors, the exclusive right to use all of the inventions upon as favorable terms as he or his executors may be willing to grant to other parties."

" Ninth.   This agreement to take effect from June 1, 1886, so far as the management of the business is concerned, but to take effect, so far as the payments are concerned, July 1, 1886 ; all accounts and expenses, and all details with reference to the past business of the company to be adjusted during the month of June."

The complaint alleges " that the contract continued in existence and was acted upon by both parties thereto, and the said Charles R. Johnson continued under said contract to be general manager of the defendant company down to the 1st day of March, 1888, when the said contract was terminated by the said defendant company, and the said Charles R. Johnson was notified by the defendant to that effect, and that his services would be no longer accepted by the said defendant after the 1st of March, 1888."

" That under said contract the defendant had used, and was, on the 1st day of March, 1888, still using, and has since that time continued to use, certain appliances invented by said Charles R. Johnson, and for which he held letters patent, and certain other inventions and appliances invented by Henry Johnson, but held and controlled by said Charles R. Johnson, which were referred to in said contract ; " and further alleges that there was due to Charles R. Johnson on September 1, 1888, to be paid him by defendant as royalties under the contract, $1,625 for the quarter ending that day, and specifies the particular inventions referred to in the contract.

The answer admits the making of the contract, and " it admits that on March 1, 1888, it dismissed Charles R. Johnson from its employ," denies its use of his inventions after that date, and also those of Henry Johnson.

*John W. Huston*, for appellant.

*George W. Miller*, for respondent.

LANDON, J.—The theory of the plaintiff's action is that the

contract between Charles R. Johnson and defendant was terminated March 1, 1888 ; that thereafter the defendant continued the use of his inventions and those of Henry Johnson, and thus by the terms of the eighth provision of the contract became indebted to Charles R. Johnson in the sum of $1,625 for the quarter ending September 1, 1888.

The defendant's contention is that the dismissal of Charles R. Johnson from its employment was a mere breach of the contract, and not the termination of it provided for in its seventh clause, and therefore the eighth clause of the contract was not brought into operation.

This construction of the contract has recently been upheld by this court, in·an action for another instalment of royalties under the contract brought by Charles R. Johnson against this defendant.    Johnson *v.* Union S. & S. Co., 42 St. Rep. 337.

This construction of the contract requires a reversal of the judgment, unless such a termination of the contract as brings its eighth clause into operation is admitted upon the pleadings.    The general term held that it was admitted.    In construing the pleadings it is proper to notice the construction given them by the trial court in this respect.

The allegation of the complaint is that " the said contract was terminated by said company, and the said Charles R. Johnson was notified by the defendant to that effect, and that his services would be no longer accepted by the said defendant after said 1st day of March, 1888."

The answer contained no denial of these allegations, but contained this allegation : " It admits that on March 1, 1888, the defendant dismissed Charles R. Johnson from its employ."

Upon the trial the plaintiff's counsel contended that the pleadings admitted the termination of the contract.    The defendant's counsel contended that only the termination of employment was admitted.    After considerable discussion the defendant's counsel remarked that if there was any doubt

as to his construction of the pleadings he would move to amend at once. The plaintiff's counsel was heard upon the motion to amend. The court disposed of the motion by this remark : " There is nothing in this case or in the pleadings that prevents your alleging here that whatever termination there was was not the termination provided for by covenant eight of the contract." Defendant's counsel then said : " I only asked for the amendment upon the assumption that there might be some other contention made."

There was no question, apart from the allegation in the complaint that " the said contract was terminated by said company," but that the dismissal of Mr. Johnson was what effected the alleged termination.

The complaint apparently alleges that the termination of the contract was thus effected. The plaintiff proved upon the trial the summary and peremptory manner in which he was dismissed.

The trial court, therefore, adopted no forced or strained construction of the pleadings when it held, as it in effect did, that there was nothing in them to preclude the defendant from insisting that the actual termination was not the one contemplated by the contract. Except for such a construction of the pleadings, justice would seem to indicate that defendant's motion to amend the answer would have been granted.

With that construction no amendment was needed.

The defendant was permitted to insist upon the defense which the evidence disclosed. It would be unjust now upon appeal to deprive the defendant of that defense, by receding from the construction of the pleadings adopted and accepted upon the trial, and giving them a contrary construction. Especially is this so in view of the fact that the termination of the contract alleged in the complaint is as consistent with a termination which does not call the eighth clause of the contract into operation, as with the termination which does ; and therefore the admission in the answer may be true

without conceding the proposition upon which the plaintiff's right to recover rests.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.